JS-6

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERY GALAMBOS,<br>　　　Plaintiff,<br><br>　　　　　v.<br><br>DON PARKER, et al.,<br>　　　Defendants. | CV 18-6469 DSF (RAOx)<br><br>Order REMANDING Case |

Despite the lack of a federal claim on the face of the complaint, Defendants recently removed this case from state court on the basis of federal question jurisdiction.

In order for a state law claim to provide federal question jurisdiction, the "state law claim [must] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013). "[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claim 'necessarily raise[s]' a disputed federal issue,

as <u>Grable</u> separately requires. The substantiality inquiry under <u>Grable</u> looks instead to the importance of the issue to the federal system as a whole." <u>Gunn</u>, 568 U.S. at 260. "[T]he mere use of a federal statute as a predicate for a state law cause of action does not necessarily transform that cause of action into a federal claim . . . ." <u>Nevada v. Bank of America Corp.</u>, 672 F.3d 661, 675 (9th Cir. 2012). Nor does "the question whether a particular claim arises under federal law depend[] on the novelty of the federal issue." <u>Id.</u> (quoting <u>Merrell Dow Pharms., Inc. v. Thompson</u>, 478 U.S. 804, 817 (1986)).

Defendants do not even make a serious attempt to satisfy the <u>Grable</u>/<u>Gunn</u> standard. The dispute between the parties involves whether a work was a work-for-hire, but there's no indication that any dispute in this case is at all "importan[t] . . . to the federal system as a whole." Nor is there an indication that the relevant federal law issue – apparently whether non-payment on a work-for-hire causes the hired creator of the work to acquire ownership rights in the work – is actually disputed by the parties.

The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: 8/2/2018

*Dale S. Fischer*
_____
Dale S. Fischer
United States District Judge